UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JOEL RAMOS

    Plaintiff,

vs.

ARBA CONSTRUCTION, INC., a Florida profit Corporation; SALVADOR HERNANDEZ, an individual

    Defendants.

_____/

## COMPLAINT

Plaintiff JOEL RAMOS, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants ARBA CONSTRUCTION INC, a Florida Profit Corporation (hereinafter, "ARBA CONSTRUCTION"), and SALVADOR HERNANDEZ, individually (hereinafter "HERNANDEZ") collectively "Defendants" and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a laborer. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant ARBA CONSTRUCTION is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. Defendant ARBA CONSTRUCTION had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant ARBA CONSTRUCTION is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant ARBA CONSTRUCTION is in the construction business performing work in residential projects including drywall, stucco, insulation, paint, and ceilings.

9. At all times material to this Complaint, ARBA CONSTRUCTION, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant ARBA CONSTRUCTION, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce.

12. Defendant SALVADOR HERNANDEZ is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendant, ARBA CONSTRUCTION.

13. Defendant SALVADOR HERNANDEZ is a corporate officer of, and exercised operational control over the activities of, corporate Defendant ARBA CONSTRUCTION.

14. SALVADOR HERNANDEZ controlled the manner in which Plaintiff performed his work and the pay he was to receive.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of the Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Specifically, Plaintiff performed worked for the Defendants as a laborer from on or about December 2019 until on or about May 2020.

17. During Plaintiff's employment, Defendants agreed to compensated Plaintiff at a rate of $160.00 per day. The Defendants established a weekly pay period, such that the employees were supposed to get paid once a week for the seven (7) day period ending the immediately

preceding. However, since approximately on or shortly after January 2020, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late.

18. Defendants' failure to pay in accordance to the scheduled pay dates resulted in Defendants failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

19. Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed while it employed Plaintiff during the relevant period.

20. Plaintiff estimates that he is owed at least $6,200.00 in unpaid minimum wages for the last five months of his employment.

21. Throughout his employment, Plaintiff, routinely worked eight (8) hours per day, six (6) days a week.

22. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. The Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

27. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

<u><b>COUNT I</b></u><br><b>VIOLATION OF FLSA/MINIMUM WAGES</b><br><b>against ARBA CONSTRUCTION</b>

30. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

31. This action is brought by Plaintiff to recover from Defendant ARBA CONSTRUCTION unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

33. ARBA CONSTRUCTION has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly

scheduled pay date when wages were due, and often paying them less than the highest applicable minimum hourly wage during applicable pay periods.

34. ARBA CONSTRUCTION knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

35. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

36. By reason of the said intentional, willful and unlawful acts of ARBA CONSTRUCTION, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

38. ARBA CONSTRUCTION never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39. As a result of ARBA CONSTRUCTION's willful violations of the Act, Plaintiff is entitled to liquidated damages.

40. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ARBA CONSTRUCTION.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ARBA CONSTRUCTION:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
**VIOLATION OF FLSA/OVERTIME**
**against ARBA CONSTRUCTION**

41. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

42. This action is brought by Plaintiff to recover from Defendant ARBA CONSTRUCTION unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

43. Since the commencement of Plaintiff's employment ARBA CONSTRUCTION has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all

hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

44. Specifically, throughout his employment Plaintiff regularly worked 46 hours during each workweek in which he was employed.

45. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

46. ARBA CONSTRUCTION is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ARBA CONSTRUCTION's business activities involve those to which the Fair Labor Standards Act applies.

47. The Plaintiff was a construction worker and was at all relevant times, covered by the FLSA.

48. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

49. ARBA CONSTRUCTION has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

50. By reason of the said intentional, willful and unlawful acts of ARBA CONSTRUCTION, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

51. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire.

52. ARBA CONSTRUCTION never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

53. As a result of ARBA CONSTRUCTION's willful violations of the Act, Plaintiff is entitled to liquidated damages.

54. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ARBA CONSTRUCTION.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ARBA CONSTRUCTION:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### VIOLATION OF FLSA/OVERTIME
### against SALVADOR HERNANDEZ

55. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

56. At the times mentioned, Defendant SALVADOR HERNANDEZ was, and is now, a corporate

officer of the corporate Defendant, ARBA CONSTRUCTION.

57. SALVADOR HERNANDEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that SALVADOR HERNANDZ acted directly in the interests of Defendant ARBA CONSTRUCTION in relation to their employees including Plaintiff.

58. Specifically, SALVADOR HERNANDEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

59. SALVADOR HERNANDEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

60. Defendant SALVADOR HERNANDEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/UNPAID WAGES
## against SALVADOR HERNANDEZ

61. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

62. At the times mentioned, Defendant SALVADOR HERNANDEZ was, and is now, a corporate officer of the corporate Defendant, ARBA CONSTRUCTION.

63. SALVADOR HERNANDEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that SALVADOR HERNANDEZ acted directly in the interests of the Defendant ARBA CONSTRUCTION in relation to their employees including Plaintiff.

64. Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage for every hour worked by Plaintiff during Plaintiff's employment.

65. Specifically, SALVADOR HERNANDEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

66. SALVADOR HERNANDEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

67. Defendant SALVADOR HERNANDEZ willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOEL RAMOS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 21, 2020

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com