UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-25192-CIV-GRAHAM/MCALILEY

JOEL RAMOS,

    Plaintiff,

vs.

ARBA CONSTRUCTION INC. and
SALVADOR HERNANDEZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff filed a Motion for Attorneys' Fees and Costs (the "Motion"), which the Honorable Donald L. Graham referred to me for a report and recommendation. (ECF Nos. 11, 12).[1] Defendants did not file a response and the time to do so has passed. For the reasons that follow, I recommend that the Court grant Plaintiff's Motion in part.

**I.   BACKGROUND**

Plaintiff filed this action for unpaid minimum and overtime wages, under the Fair Labor Standards Act ("FLSA"). (ECF No. 1). To date, Defendants have not filed a responsive pleading and no attorney has entered a notice of appearance on their behalf. The Clerk entered a default against Defendants, and the Court entered default judgment in Plaintiff's favor. (ECF Nos. 7, 10).

---

[1] Consistent with the Court's Order, (ECF No. 13), Plaintiff also filed invoices and a supplemental memorandum regarding the costs. (ECF No. 14).

1

Plaintiff now asks for an award of attorneys' fees and costs. (ECF No. 11). The Court already found that Plaintiff is entitled to the award, under the FLSA.[2] (ECF No. 10 at 7). Thus, I review Plaintiff's Motion to determine the reasonableness of the amounts Plaintiff seeks.

## II.  ATTORNEYS' FEES

Plaintiff seeks attorneys' fees totaling $5,146.00, for work performed from the initiation of this action through filing this Motion. (ECF Nos. 11 at 4 ¶ 9; 11-1).

"A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 432-33 (11th Cir. 1999)). "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).

The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The Court may use its own knowledge and experience in

---

[2] The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

determining the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

Plaintiff requests an hourly rate of $310 for his counsel. (ECF No. 11-1). Plaintiff's Motion provides little information about counsel:

> 8. Plaintiff's counsel, Nathaly Saavedra, Esq. has been a labor and employment attorney for over five years, and who is known in the South Florida legal community for performing respectably in labor and employment matters. Ms. Saavedra has been approved for an hourly rate of $310.00. According to the terms of the Agreement for Representation, Plaintiff's attorneys are allowed to bill an hourly rate for their time. While it is unknown whether other attorneys had "passed on" the opportunity to represent the Plaintiff, this is the first time that undersigned counsel has represented the Plaintiff in any capacity.

(ECF No. 11 at 4 ¶ 8). Plaintiff provides no information about the prevailing market rate for lawyers of comparable skills, experience and reputation. Nor does he provide much information regarding counsel's credentials. It is also not clear who "approved" the $310 hourly rate.

Based on this limited information, the nature of this straight-forward FLSA case and the Court's knowledge and experience, I find that $310 is an unreasonable hourly rate for Plaintiff's counsel. Courts in this District have reduced hourly rates for attorneys in similar FLSA cases. *See, e.g.*, *Guzman v. Mayor Realty, Inc.*, No. 19-CV-20193, ECF No. 30-2 at 3-5, 2019 WL 11506032, at *4 (S.D. Fla. Nov. 1, 2019) (reducing hourly rate from $290 to $250 for attorney with over four-and-a-half years of experience handling FLSA cases), *report and recommendation adopted as modified*, 2020 WL 7492335, at *2 (S.D. Fla. Jan. 22, 2020); *Cimeus v. Vestige Security Inc.*, No. 17-80679, 2017 WL 9288587, at *4 (S.D.

3

Fla. Sept. 28, 2017) ("Based upon an independent evaluation of similar cases, I conclude that – without evidence of counsel's background – $250.00 is the highest hourly rate to which Plaintiff's counsel is entitled."); *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 714 (11th Cir. 2014) (no error when a Middle District of Florida court, after it considered plaintiff's evidence and that counsel was a "board certified trial attorney with approximately thirty-eight years of experience," reduced counsel's hourly rate from $500 to $300). On this record I find that a reasonable hourly rate for Plaintiff's counsel is **$250**.

Plaintiff seeks compensation for 16.60 hours of work his counsel performed, and he submitted counsel's billing entries for review. (ECF No. 11-1). I have reviewed those timesheets and find that several entries are not compensable because they reflect clerical work, and I also find that other entries should be reduced because they reflect excessive or unnecessary work.

Simple administrative tasks that could be completed by a secretary are not recoverable because they do not require a lawyer's skill and training. *Martin v. Italian Cabinetry, Inc.*, No. 18-CV-24958, 2019 WL 3429919, at *3 (S.D. Fla. June 6, 2019) (citations omitted), *report and recommendation adopted*, 2019 WL 3425942, (S.D. Fla. June 24, 2019); *Weis-Buy Farms, Inc. v. Global Unlimited Marketing Solutions, Inc.*, No. 07-22531-CIV, 2008 WL 11470913, at *1 (S.D. Fla. Oct. 22, 2008) ("[A] court cannot award attorneys' fees for clerical tasks.") (citations omitted), *report and recommendation adopted*, 2008 WL 11470914 (S.D. Fla. Nov. 21, 2008). To determine whether a task is clerical, courts consider "whether the work was sufficiently complex to justify the efforts of the attorney as opposed to an employee ... lower on the pay-scale ladder." *Martin*, 2019

WL 3429919, at *3 (quotation marks and citation omitted). Examples include scheduling, telephone calls, faxing, mailing, filing, and e-filing. *Id.*

I find that the following entries in counsel's timesheets reflect secretarial tasks and, therefore, are not compensable:

| Date | Description | Time | Rate | Total Billed |
|---|---|---|---|---|
| 12/22/20 | Sent EM to process server to serve with the complaint and summons | 0.20 | $310.00 | $62.00 |
| 1/22/21 | Filed Return of Service for Corp. Defendant | 0.10 | $310.00 | $31.00 |
| 1/22/21 | Filed Return of Service for Individual Defendant | 0.10 | $310.00 | $31.00 |
| 2/18/21 | Mail out copies of the Clerk's Order | 0.20 | $310.00 | $62.00 |
| 2/18/21 | Sent copies of Clerk's Default to Defendants to emails found on skip search | 0.20 | $310.00 | $62.00 |
| 4/14/21 | Send Order to be mailed and sent via email to Defendants | 0.20 | $310.00 | $62.00 |
| 4/20/21 | Mailed copies of Motion to Defendants | 0.20 | $310.00 | $62.00 |

*See* (ECF No. 11-1). Thus, I recommend that the Court exclude these entries, which total 1.20 hours, from the total number of hours that Plaintiff's counsel reasonably expended.

Courts must also deduct "excessive, redundant or otherwise unnecessary" hours. *Norman,* 836 F.2d at 1301. I find that the following time entries reflect excessive or unnecessary work because they involve simple tasks that take a minimal amount of time, and should therefore be reduced:

| Date | Description | Time | Rate | Total Billed |
|---|---|---|---|---|
| 12/31/20 | Received notice re: service Status | 0.20 | $310.00 | $62.00 |

| 1/22/21 | Received Return of Service for Corporate and Ind. Defendant | 0.20 | $310.00 | $62.00 |
| 2/18/21 | Received Clerk's Default | 0.40 | $310.00 | $124.00 |
| 4/13/21 | Received, reviewed and calendar deadlines re: Court's Order re: Default[3] | 0.40 | $310.00 | $124.00 |

*See* (ECF No. 11-1). I recommend that the Court reduce the number of hours for each of these entries to 0.10. Thus, the Court should exclude 0.80 hours from these billing entries.

Other than the reductions specified above, I find the number of hours sought is reasonable. Accordingly, I conclude that Plaintiff's counsel reasonably expended **14.6 hours**.

Based upon the foregoing, I recommend that the Court award Plaintiff **$3,650.00** in reasonable attorneys' fees.

## III. COSTS

Plaintiff seeks costs totaling $584.00, for the filing fee, service of process, postage, and obtaining electronic copies of documents through CM/ECF. (ECF Nos. 11-2; 14 at 1; 14-2). Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The Court must limit the costs it taxes to only those specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citation omitted).

Title 28 U.S.C. § 1920 sets forth what may be taxed as costs:

   (1) Fees of the clerk and marshal;

---
[3] This also reflects clerical work for scheduling.

6

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. I address each category of costs that Plaintiff seeks.

Plaintiff seeks to recover the $402.00 filing fee it paid to the Clerk.[4] This is clearly taxable under § 1920, and I therefore recommend that the Court award Plaintiff **$402.00** for the filing fee. *See Lezer Corp. v. Noble Partners, LLC*, No. 20-23235-Civ, 2021 WL 883492, at *2 (S.D. Fla. Feb. 19, 2021) (citation omitted), *report and recommendation adopted*, 2021 WL 880280 (S.D. Fla. Mar. 9, 2021).

Plaintiff also seeks to recover $140.00 in process server fees for service of the Complaint and summonses upon Defendants, on two different days.[5] For each day, Plaintiff incurred the following costs: (i) $45.00 for service upon ARBA Construction, and (ii) $25.00 for service upon Salvador Hernandez. (ECF No. 14-2 at 5, 7). Service of process costs are included under § 1920, *Lezer Corp.*, 2021 WL 883492, at *2 (citations omitted), but "where a party seeks costs for multiple service attempts, the party must provide

---

[4] *See* (ECF Nos. 11-2 at 3; 14-2 at 3).

[5] *See* (ECF Nos. 11-2 at 3; 14-2 at 4-7).

evidence justifying the need for multiple service attempts." *Carroll v. Carnival Corp.*, No. 16-20829-CIV, 2018 WL 1795469, at *3 (S.D. Fla. Feb. 6, 2018) (quotation marks and citations omitted), *report and recommendation adopted as modified*, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018); *see also Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-24687, 2021 WL 3007191, at *3 (S.D. Fla. June 28, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 3005648 (S.D. Fla. July 15, 2021). Plaintiff provides no evidence to justify the need for multiple service attempts. The record reflects only that Defendants were both served at the same address, on January 21, 2021. (ECF Nos. 4, 5). For these reasons, I recommend that the Court reduce the costs for service upon Defendants, to a total of **$70.00**.[6]

Plaintiff's final requests are for $37.70 for mailing costs[7] and $4.30 for obtaining electronic copies of documents through CM/ECF.[8] Neither are recoverable. *See Samana, Inc. v. Lucena*, No. 17-24677, 2019 WL 11623927, at *5 (S.D. Fla. Sept. 16, 2019) ("Postage costs are not expressly provided for under § 1920 and are not recoverable.") (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)), *report and recommendation adopted*, 2019 WL 11623925 (S.D. Fla. Dec. 16, 2019); *Lebron*, 2021 WL 3007191, at *7 ("[C]ourts in this District have routinely found that PACER fees are

---

[6] This number is comprised of $45.00 for service upon Arba Construction and $25.00 for service upon Salvador Hernandez, on January 21. *See* (ECF No. 14-2 at 7).

[7] *See* (ECF Nos. 11-2 at 2-3; 14-2 at 17-22).

[8] *See* (ECF Nos. 11-2 at 2; 14 at 1; 14-2 at 8-16).

not taxable under § 1920.") (quotation marks omitted) (collecting cases). I therefore recommend that the Court decline to award these costs.

Accordingly, I recommend that the Court award Plaintiff a total of **$472.00** in reasonable costs.

## IV. RECOMMENDATION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT IN PART** Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 11), and award Plaintiff **$3,650.00** in reasonable attorneys' fees and **$472.00** in costs, for a total amount of **$4,122.00**.

## V. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald L. Graham, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in Miami, Florida this 25th day of August 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE